IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1017

Filed 1 July 2026

Nash County, Nos. 19CR050664-630, 19CR050665-630, 19CR050666-630, 19CR050667-630, 19CR050668-630

STATE OF NORTH CAROLINA

v.

GREGORY ARTHUR THOMPSON, Defendant.

Appeal by defendant from judgments entered 30 July 2024 by Judge Timothy W. Wilson in Nash County Superior Court. Heard in the Court of Appeals 19 May 2026.

*Attorney General Jeff Jackson, by Assistant Attorney General Henry J. Gargan, for the State.*

*Tin Fulton Walker & Owen, PLLC, by Vernetta Alston, for defendant-appellant.*

GORE, Judge.

Defendant Gregory Arthur Thompson appeals the judgments convicting him of multiple counts of obtaining property by false pretenses and uttering forged instruments. Upon review of the briefs and the record, we discern no error.

**I.**

In 2017, defendant held a dealer's license and began buying used cars for Triple Star Auto ("TSA"). Defendant worked directly with TSA's agent, Tony Ellis. TSA is owned and operated by Joey Vick in South Carolina. Defendant and Ellis agreed

defendant would buy used vehicles with TSA funds and TSA would re-sell the vehicles. Ellis delivered personal checks from TSA to defendant to buy the specified vehicle (included on the check memo line along with its partial VIN number). The checks were made out to the dealerships in Wilson, North Carolina. Ellis testified no other name was included on the checks.

Defendant and his mother, Irene Thompson, opened an account named "Thompson Auto" at Providence Bank. Thirteen of the checks provided by TSA were deposited into the Thompson Auto account and upon deposit included a slash mark with "Thompson Auto" or "TA" written as an additional recipient. Additionally, defendant never delivered these cars or their titles to TSA. Ultimately, defendant received $61,000.00 in checks, and because TSA did not receive the vehicles or titles, Ellis was required to pay the outstanding amount from his own pay to TSA.

Ellis sued Providence Bank for depositing the altered checks and received $5,000.00 in a settlement. Ellis pressed charges against defendant, who was indicted on 13 May 2019, for thirteen counts of obtaining property by false pretenses and thirteen counts of uttering a forged instrument. At trial and over defendant's objections, the State introduced three checks, written by Thompson Auto and paid to Southern States for a 2005 Subaru, that were returned for insufficient funds. Separate charges for these checks were pending in Wake County at the time of trial. The State also attempted to introduce related charges against defendant, but the trial court granted defendant's motion to exclude them.

The jury found defendant guilty on all charges and the trial court convicted him and sentenced him to multiple consecutive terms of six to seventeen months imprisonment, suspended for 60 months of supervised probation. Defendant was also ordered to pay $53,150.00 in restitution. Defendant timely appealed.

**II.**

Defendant appeals of right pursuant to N.C.G.S. § 7A-27(b). Defendant seeks review of the following: (1) whether the trial court erred by admitting evidence from a pending charge under Rule 404(b) and Rule 403; (2) whether the trial court erred by ordering defendant pay restitution in the amount of $53,150.00; (3) whether the trial court erred by denying defendant's motion to dismiss the charge of obtaining property by false pretenses; and (4) alternatively, whether the trial court plainly erred with its jury instructions for obtaining property by false pretenses. Defendant preserved arguments one through three according to Rule 10 of the North Carolina Rules of Appellate Procedure but seeks plain error review for his fourth unpreserved argument.

**A.**

Defendant argues the trial court erred by admitting evidence from another pending criminal case in Wake County under Rule 404(b) and Rule 403. We review an evidentiary challenge to the trial court's legal conclusion under the North Carolina Rules of Evidence 404(b) de novo. *State v. Beckelheimer*, 366 N.C. 127, 130 (2012). We review challenges to "the trial court's Rule 403 determination for abuse of

discretion." *Id.* We consider the trial court's "careful consideration of the evidence" and "handling of the process" to determine whether the trial court utilized its discretion under the North Carolina Rules of Evidence 403. *Id.* at 133.

Under Rule 404(b), the State may not offer character evidence to prove the defendant conformed to that character, but "evidence of other crimes, wrongs or acts is admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." *State v. Martin*, 191 N.C. App. 462, 466 (2008) (cleaned up). The trial court also considers whether the evidence is similar to the present case and is within close temporal proximity to "adequately safeguard against the improper introduction of character evidence against the accused." *State v. Al-Bayyinah*, 356 N.C. 150, 154 (2002). The evidence is "considered sufficiently similar if there are some unusual facts present in both crimes that would indicate that the same person committed them." *State v. Pabon*, 380 N.C. 241, 259 (2022) (cleaned up). But the evidence does not need to "rise to the level of the unique and bizarre." *Id.* If the evidence is remote in time from the case at hand, it typically has a weaker connection but may still be admissible based upon "the specific facts of each case and the purpose underlying the evidence." *Id.* (cleaned up).

In the present case, the State published checks to the jury from a pending case before the Superior Court, Wake County. Defendant argues the witness testimony regarding the Wake County checks was not corroborative and was insufficiently

similar to the present case. The State argues it admitted the checks under Rule 404(b) to show knowledge, absence of mistake, intent, and a common plan or scheme by demonstrating in both instances defendant was "trying to get something for nothing." The State argues the similarity between the present case and the Wake County case is that defendant used money intended to buy a used vehicle for TSA for his own purposes and that these events occurred within one year of one another.

The witness testimony tended to show defendant received another check from Ellis on behalf of TSA to purchase a Subaru from Southern States in Wake County. Defendant cashed the check and wrote three checks to Southern States that were all returned for insufficient funds, despite obtaining sufficient funds from Ellis. Ellis acquired the title and vehicle by driving to Southern States and discovering the title and vehicle waiting for defendant. Ellis acquired the title and vehicle, but Southern States could not cash the checks due to insufficient funds. Similarly, in the present case, defendant was charged with cashing the checks into his own account and never providing the title or vehicle to TSA. The trial court properly admitted these checks under Rule 404(b).

Furthermore, the trial court did not abuse its discretion by admitting these checks under Rule 403. The trial court applied the balancing test under Rule 403 and determined the probative value was higher than the danger of unfair prejudice. *See* N.C.R. Evid. 403. The trial court granted the motion in limine to exclude other convictions of misdemeanor worthless checks, common law forgery, and common law

uttering from Nash County and Wilson County. The trial court's decision to exclude certain evidence while allowing other evidence under Rule 404(b) demonstrated its discretion. Accordingly, the trial court did not abuse its discretion by admitting the evidence from the Wake County case pursuant to Rule 403.

**B.**

Next, defendant argues the trial court erred by entering an order to pay restitution to Ellis in the amount of $53,150.00 despite his settlement payment to Providence Bank for $5,000.00. "We review de novo whether the restitution order was supported by evidence adduced at trial or at sentencing." *State v. Wright*, 212 N.C. App. 640, 645 (2011) (cleaned up). The record must support the amount of restitution. *Id.* We will not overrule the trial court's determined restitution amount if there is some evidence to support it. *Id.*

Prior civil settlement agreements are not limitations upon the amount of restitution allowed in a criminal proceeding. *State v. Williams*, 265 N.C. App. 657, 664 (2019). Such agreements "neither usurp the State's ability to uphold criminal statutes nor impede on the State's distinct societal goals of the criminal justice system." *Id.* Section 15A-1343(d) provides the trial court with a "statutory right to order restitution as a condition of probation to an aggrieved party." *Id.* at 663; *see* N.C.G.S. § 15A-1343(d) (2017).

In the present case, the trial court considered the evidence in the record and determined defendant should pay $53,150.00 in restitution to Tony Ellis, TSA. The

trial court deducted $8,200.00 because there was documentation that defendant paid TSA for repayment of a 2007 Chevrolet. The trial court considered defendant's request to also deduct $5,000.00 from the restitution amount due to a settlement check from Providence Bank to Ellis. The trial court stated there was witness testimony by Ellis that the settlement amount only paid for his attorney fees. Because the restitution amount is supported by record evidence and because precedent does not require consideration of civil settlements when setting restitution for a criminal proceeding, we discern no abuse of discretion. Accordingly, the restitution sentence is upheld.

## C.

Next, defendant argues the trial court erred by denying his motion to dismiss for insufficient evidence. Specifically, defendant argues "person within the State" is an essential element for the charge of obtaining property by false pretenses, and that the State failed to bring evidence for this alleged element. Defendant relies upon this Court's dicta within *State v. Pierce* to support his argument. 279 N.C. App. 494, 501 (2021). We disagree.

The essential elements for the offense of obtaining property by false pretenses have been stated and restated by our Courts for decades. *See Pierce*, 279 N.C. App. at 499. Section 14-100, the statute defining this offense, has been amended multiple times. The last amendment to section 14-100(a) that occurred prior to defendant's charges was during the General Assembly's 1997 Session Laws. *See* The Current

Operations and Capital Improvements Appropriations Act of 1997, ch. 443, § 19.25(l), 1997 N.C. Sess. Laws 1344, 1777–78. Despite this amendment, the phrase defendant highlights consistently remained within the statute. *Pierce* specifically states, "presuming without deciding" and states it does not need to decide whether this phrase is "an essential element." 279 N.C. App. at 501.

> In every case what is actually decided is the law applicable to the particular facts; all other legal conclusions therein are but obiter dicta. On the subject of obiter dicta, if the statement in the opinion was superfluous and not needed for the full determination of the case, it is not entitled to be accounted a precedent, for the reason that it was rendered without jurisdiction or at least extra-judicial.

*Hayes v. City of Wilmington*, 243 N.C. 525, 536–37 (1956) (cleaned up).

Our Supreme Court has defined the essential elements for the offense of obtaining property by false pretenses numerous times. The essential elements are: (1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another. *State v. Parker*, 354 N.C. 268, 283–84 (2001); *see State v. Mostafavi*, 370 N.C. 681, 685 (2018); *State v. Jones*, 367 N.C. 299, 307 (2014); *see also State v. Cronin*, 299 N.C. 229, 242 (1980). In each case, the statute considered by our Courts included the phrase defendant highlights. We are bound by our high Court's precedent and will not deviate by relying upon dicta from this Court. *See Martinez v. Wake Cnty. Bd. of Educ.*, 258 N.C.

App. 466, 478 (2018) (cleaned up) ("This Court has no authority to reverse existing Supreme Court precedent.").

Accordingly, in line with precedent, there is no additional element beyond what our Supreme Court already articulated. Therefore, the trial court properly denied defendant's motion to dismiss for insufficient evidence.

**D.**

Finally, defendant seeks plain error review of the jury instructions regarding the jury charge for obtaining property by false pretenses. Defendant again argues the trial court improperly excluded the essential element "a person within the State." § 14-100(a). Having discussed the elements of obtaining property by false pretenses according to current precedent, we discern no plain error. The trial court read the proper pattern jury instructions for the offense of obtaining property by false pretenses.

**III.**

The trial court did not err by admitting certain checks under Rule 404(b) and Rule 403. The trial court did not abuse its discretion when it ordered defendant to pay $53,150.00 in restitution, and the trial court properly denied defendant's motions to dismiss the charges of obtaining property by false pretenses. Finally, the trial court did not plainly err in its jury charge for the offense of obtaining property by false pretenses.

NO ERROR.

Chief Judge DILLON and Judge STADING concur.